UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRESLIN REALTY DEVELOPMENT
CORP.,

                Plaintiff,

  -against-

MARTIN SCHACKNER, and ILANA
YEROUSHALMI a/k/a/ NAZILA
YEROUSHALMI, and JOHN DOE #1
through JOHN DOE #5, the true identity
of such defendants being unknown, the
parties intended being persons and/or
entities who participated with the other
named defendants in the commission of the
fraudulent and unlawful acts alleged to
have been committed herein,

                Defendants
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 05-1070
(Wexler, J.)

APPEARANCES:

    DOLLINGER, GONSKI & GROSSMAN
    BY: MATTHEW DOLLINGER, ESQ.
    Attorneys for Plaintiff
    One Old Country Road Suite 102
    P.O. Box 9019
    Carle Place, New York 11514-9010

    SILLER WILK, LLP
    BY: ERIC J. SNYDER, ESQ.
    Attorneys for Defendant Martin Schackner
    675 Third Avenue
    New York, New York 10017

    RUSSO FOX & KARL
    Attorneys for Defendant Ilana Yeroushalmi
    400 Town Line Road
    Hauppauge, New York 11788

1

WEXLER, District Judge

This is an action setting forth state law claims for breach of contract and fraud as well as federal claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). The factual allegations underlying all claims are the same. Defendants, former employees of Plaintiff, are alleged, along with a third former employee who is not named herein, to have participated in a scheme pursuant to which they bilked Plaintiff of hundreds of thousands of dollars. The RICO claims are the sole basis for federal jurisdiction.

Previously decided by this court was the motion of defendant Martin Schackner, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the RICO claims for failure to state a claim. That motion was granted only with respect to the RICO claim alleged pursuant to 18 U.S.C. § 1962(b). The remaining RICO claim, alleged pursuant to 18 U.S.C. § 1962(c), survived. See Breslin v. Schackner, 397 F. Supp.2d 390 (E.D.N.Y. 2005). After completing discovery, Defendants Schackner and Yeroushalmi both move for summary judgment. For the reasons that follow, those motions are denied.

## BACKGROUND

### I. Factual Background

The facts surrounding Plaintiff's complaint are set forth in the opinion of this court denying the motion to dismiss. The court will outline here only those facts necessary to the decision on the summary judgment motions.

#### A. The Parties and the RICO Claim

Plaintiff is Breslin Realty Development Corp. ("BRDC"), a company that is engaged in the purchase, sale, leasing, management and development of real property for both commercial

2

and residential use. Wilbur F. Breslin is the president and sole shareholder of BRDC.

Defendants here are Martin Schackner ("Shackner") and Ilana Yeroushalmi ("Yeroushalmi"). The factual discussion in the court's prior opinion refers to an individual named in the complaint as "Mary Roe." It is now clear that "Mary Roe" is an individual named Lori Levine ("Levine"). Levine was employed by BRDC in 1990 and functioned as the company's comptroller. Yeroushalmi acted as Levine's assistant during times relevant to the complaint. Prior to his termination in 2004, Defendant Schackner was BRDC's Chief Financial Officer ("CFO"), a position with greater authority than those held by Levine and Yeroushalmi. The identities of "John Doe" defendants referred to in the complaint are still unknown and it is assumed that Plaintiff does not plan to pursue any additional defendants in this matter.

Plaintiff's RICO claim alleges that Defendants, along with Levine, engaged in a scheme to defraud BRDC by providing false information regarding vacation pay and bonuses to Automatic Data Processing, an employer payroll servicing company ("ADP"). ADP would, in turn, issue checks to Defendants far in excess of amounts to which they were entitled. Defendants' scheme allegedly also included providing inaccurate information that resulted in the overpayment of monies to Defendants' retirement accounts.

Unlawful payments are alleged to have been made to Schackner for a period of approximately ten years and to Yeroushalmi for a period of approximately five years. The predicate acts alleged in support of the RICO claim are violations of the federal mail fraud statute, 18 U.S.C. §1341, and the federal wire fraud statute, in violation of 18 U.S.C. §§ 1343 and 1346. The RICO's "enterprise," is alleged to have included Schackner, Levine and Yeroushalmi, who are alleged to have constituted an "associational enterprise-in-fact affecting

interstate commerce."

II.  The Motion to Dismiss

As noted, Schackner previously moved to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The 9(b) motion was denied because the court held that the allegations of the complaint were sufficiently detailed to comply with the requirements of that rule. Breslin v. Schackner, 397 F. Supp.2d at 402. As to the Rule 12(b)(6) motion, the court granted the motion to the extent of dismissing the claim pursuant to Section 18 U.S.C. § 1962(b). Id. With respect to the claim pursuant to 18 U.S.C. § 1962(c), this court held that Plaintiff properly pled the required elements of enterprise as well as a pattern of racketeering activity.

As to the enterprise element, it was held that Plaintiff adequately pled an association in fact. Breslin, 397 F. Supp.2d at 403. The court noted that this enterprise included, at least, Schackner, Yeroushalmi and Levine ("Roe"). The decision as to the enterprise pleading was acknowledged as close, however, because of the failure of the complaint to detail the participation of Defendants other than Schackner. Id. In view of the fact that the pleading of enterprise is only subject to the liberal requirements of Rule 8 of the Federal Rules of Civil Procedure, however, the court declined to grant the motion to dismiss. Id.

The court's discussion of the continuity required to show a pattern of racketeering activity held that Plaintiff failed to allege open-ended continuity. Breslin, 397 F. Supp.2d at 404. The court sustained the pleading of a pattern, however, on the ground that Plaintiff properly pled closed-ended continuity. This holding was supported by the allegation of a period of unlawful conduct lasting at least five years. Id. Like the enterprise element, the court held that with respect to the pattern element, Plaintiff would be required, at trial, to come forward with

4

evidence to determine the nature of the acts alleged as well as the involvement of each defendant in those acts. Id.

Now that discovery is complete, Defendants argue that Plaintiff has not uncovered evidence to create a question of fact at to its claims and, accordingly, move for summary judgment.

III. The Motion for Summary Judgment

Defendants seek summary judgment on the grounds that Plaintiff has failed to come forward with facts to show the existence of a RICO enterprise or the individual Defendants' participation therein. Defendants also argue that Plaintiffs fail to allege the existence of the enterprise apart from the pattern of racketeering activity and that Plaintiffs fail to support ant claim of an effect on interstate commerce. Finally, it is argued that the RICO claims must be dismissed because Plaintiffs cannot show RICO injury.

DISCUSSION

I. Standard for Motion for Summary Judgment

A motion for summary judgement is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250 (1986); Baisch v. Gallina, 346 F.3d 366, 371 (2d Cir. 2003). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. McLee v. Chrysler Corp. 109 F.3d 130, 134 (2d Cir. 1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party resisting summary judgment must not only

show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 242.

When ruling on a summary judgment motion, a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant. See Anderson, 477 U.S. at 255. The district court may rely on "any material that would be admissible or usable at trial." Azrielli v. Cohen Law Offices, 21 F.3d 512, 517 (2d Cir. 1994). Summary judgment may not be granted where the issue turns on the credibility of witnesses. Any assessments of credibility and all choices between available inferences are matters to be left for a jury and are not, therefore, matters to be decided by the court on summary judgment. Id.

II. Disposition of the Motion

    A. Enterprise and the Pattern of Racketeering Activity

As noted, Defendants argue that Plaintiff has failed to come forward with facts sufficient to support the finding of an enterprise, each Defendants' participation therein and the existence of the enterprise apart from the pattern of racketeering activity.

The statutory definition of a RICO enterprise includes any "individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As noted in this court's motion to dismiss, such an enterprise may consist of an informal group of persons, "associated for a common purpose of engaging in a course of conduct" which then functions as a "continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). Each defendant must be shown to

have participated in the "operation or management" of the enterprise. Reves v. Ernst & Young, 507 U.S. 170, 179 (1993); Azrielli, 21 F.3d at 521.

RICO liability is not limited only to those with "primary responsibility" for the affairs of the enterprise, but extends to any defendant who "directly or indirectly" has "*some* part in directing" the affairs of the enterprise. Reves, 507 U.S. at 179; First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 176 (2d Cir. 2004) (citations omitted) (emphasis in original). An enterprise may be operated by "upper management," as well as by "lower rung participants in the enterprise who are under the direction of upper management." Azrielli, 21 F.3d at 521. In the Second Circuit, this is a "relatively low hurdle for plaintiffs to clear," and presents a question that is, essentially, one of fact. First Capital, 385 F.3d at 176.

Plaintiff's description of the group consisting of at least Defendants and Levine is sufficient to withstand summary judgment. The court further holds that Plaintiff's showing of each Defendants' participation in the "operation or management" of the enterprise is sufficient to clear the low hurdle established by the Second Circuit to create a triable issue of fact. Accordingly, the court declines to grant summary judgment to Defendants on this ground.

Turning to the issue of whether Plaintiff can properly show the existence of the enterprise separate and apart from the pattern of racketeering activity, the court holds that this element, too, is sufficient to withstand summary judgment. This is not a case similar to the case described by the Second Circuit in First Capital, relied upon by Plaintiff. There, the court held, in a case alleging a single bankruptcy fraud, that Plaintiffs had merely segmented a single fraud into several acts to satisfy the RICO statute. Here, the court holds that Plaintiff has described adequately a course of fraudulent conduct that is distinct from the alleged predicate acts and has

not merely allowed a single scheme to be fragmented into multiple fraudulent acts simply to invoke RICO. Accordingly, summary judgment is denied on this ground as well.

B.  Interstate Commerce

Turning to the question of whether Plaintiff has sufficiently alleged an effect on interstate commerce, the court notes that this element is satisfied by a showing of only a "minimal effect" on interstate commerce. DeFalco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001); Godlewska v. Human Development Assoc., Inc., 2005 WL 1667852 *9 (E.D.N.Y. 2005); Tavakoli-Azar v. Crescent Mgmt. Inc., 1999 WL 1052016 *4 ( S.D.N.Y. 1999); Khaimi v. Schonberger, 664 F. Supp. 54, 60 (E.D.N.Y.), aff'd. without opinion, 83 F.2d 1203 (2d Cir. 1987). It is the enterprise, and not the individual defendant that must engage in or affect interstate commerce. Id. Plaintiff's allegations of an effect of the enterprise on interstate commerce are sufficient to withstand summary judgment.

C.  RICO Injury

Finally, the court turns to the question of whether Plaintiff can show RICO injury. A RICO plaintiff must show not only "but for" causation, but also that the RICO defendant's acts were the proximate cause of his injury. Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991, 1996 (2006). Injuries compensable under RICO are those "caused by predicate acts" themselves. Id. (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985)). Applying this standard, the court declines to grant summary judgment on the ground that Plaintiff cannot show injury. Plaintiff alleges that the fraudulent transfer of funds, falsification of records and subsequent cover-up resulted in the loss of hundreds of thousands of dollars. This is certainly an adequate allegation of injury and adequate facts upon which to support a jury finding of proximate cause.

D. <u>Conspiracy Claim</u>

To state a Section 1962(d) RICO conspiracy claim, a plaintiff must allege a substantive RICO violation. <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.</u>, 187 F.3d 229, 244-45 (2d Cir. 1999); <u>Allen v. New World Coffee, Inc.</u>, 2001 WL 293683 *9 (S.D.N.Y. 2001). Because the court has held that Plaintiff withstands summary judgment on its RICO claim, the court denies the motion for summary judgment on the conspiracy claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 18, 2006

9